UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| EDMUND HENDERSON,  )<br>  )<br>    Plaintiff,  )<br>  )<br>    v.  )<br>  )<br>BETHANY CLEMENS,  )<br>  )<br>    Defendant.  )<br>  ) | Case No. 23-30007-KAR |

ORDER ON PLAINTIFF'S MOTIONS FOR LEAVE TO PROCEED *IN FORMA PAUPERIS*
AND APPOINTMENT OF COUNSEL AND
SCREENING OF THE COMPLAINT PURSUANT TO 28 U.S.C. § 1915(e)(2)

ROBERTSON, U.S.M.J.

I.    Introduction

Plaintiff Edmund Henderson ("Plaintiff"), who is self-represented in this case, has filed a civil complaint seeking years of arrearages for child support and child care which Defendant has allegedly failed to pay. Plaintiff has also filed motions for leave to proceed *in forma pauperis* and for appointment of counsel. For the reasons stated below, the Court will order Plaintiff to show cause why this action should not be dismissed for lack of subject matter jurisdiction.

II.    Motion for Leave to Proceed *in Forma Pauperis*

Upon review of Plaintiff's motion for leave to proceed *in forma pauperis*, the Court GRANTS the same.

III.    Review of the Complaint

    A.    Court's Authority to Review the Complaint

Because Plaintiff is proceeding *in forma pauperis*, the Court may conduct a preliminary

review of the complaint and dismiss any claim that fails to state a claim upon which relief may be granted, is malicious or frivolous, or asserts claims for monetary damages against a defendant who is immune from such relief.  *See* 28 U.S.C. § 1915(e)(2).

In addition, a court has an obligation to inquire *sua sponte* into its own subject matter jurisdiction.  *See McCulloch v. Velez*, 364 F.3d 1, 5 (1st Cir. 2004).  Federal courts are of limited jurisdiction, "and the requirement of subject-matter jurisdiction 'functions as a restriction on federal power.'"  *Fafel v. Dipaola*, 399 F.3d 403, 410 (1st Cir. 2005) (quoting *Insurance Corp. of Ireland v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 702 (1982)).  "The existence of subject-matter jurisdiction 'is never presumed.'"  *Fafel*, 399 F.3d at 410 (quoting *Viqueira v. First Bank*, 140 F.3d 12, 16 (1st Cir. 1998)).  Rather, federal courts "must satisfy themselves that subject-matter jurisdiction has been established."  *Id*.  "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3).

B.   Plaintiff's Allegations

Plaintiff's statement of his claim is as follows:

> Pursuant to an Order of Support (Case #JA036933-02-00) from Stafford Juvenile and Domestic Relations Court of Stafford Virginia, the defendant is obligated to pay the plaintiff $534 per month for child support.  Additionally, the defendant is obligated to pay for child care.  The defendant has been delinquent in paying for child support since 2017 and has accrued arrearages in excess of $40,000.  The defendant has not willfully paid child support since 2018.  The defendant has fled the state of Virginia in 2022 to avoid a contempt of court hearing in Stafford J&DR Court for failure to pay child support.  Defendant was found in the state of Michigan and was obligated to pay child support for 3 months via income withholding until defendant once again fled the state.

Compl. at 4.  In his prayer for relief, Plaintiff requests child support and child care arrearages totaling $51,189.44, and he represents that he "has sought relief via the applicable state child support agencies since January of 2020 but has not had success as defendent exploits jurisdiction

2

limitations of the states by fleeing each state when enforcement begins." *Id.* at 4-5 (as in original).

      C.      Lack of Subject Matter Jurisdiction

Federal district courts may exercise jurisdiction over civil actions arising under federal laws, *see* 28 U.S.C. § 1331 ("§ 1331"), and over certain actions in which the parties are domiciled in different states and the amount in controversy exceeds $75,000, *see* 28 U.S.C. § 1332.

Plaintiff claims that this Court has subject matter jurisdiction over this matter under 28 U.S.C. § 1331, and he identifies 18 U.S.C. § 228 as the federal law at issue in this case. Under the Child Support Recovery Act ("CSRA"), codified at 18 U.S.C. § 228, a person who willfully fails to pay a support obligation with respect to a child who resides in another State or travels in interstate commerce to avoid such an obligation, may be subject to criminal prosecution by the federal government. If convicted, that person may face up to two years of imprisonment in addition to fines and mandatory restitution. *See* 18 U.S.C. § 228. This statute, however, does not give a private citizen the right to bring a civil lawsuit against a person who has allegedly engaged in the prohibited conduct. *See Alaji Salahuddin v. Alaji*, 232 F.3d 305, 309 (2d Cir. 2000) ("[T]hough the CSRA was intended to benefit custodial parents and children victimized by nonpayment of state-ordered support obligations, and although pursuit of private actions might further the goals of the Act, the Act does not create a federal right but merely criminalizes conduct that infringes the state-created rights.").

Plaintiff does not identify, nor can the Court discern, another basis of jurisdiction which would allow the Court to adjudicate Plaintiff's claim.

IV.    Motion for Appointment of Counsel

The Court does not have funds to reimburse attorneys for their time representing civil litigants in non-habeas actions. Where litigants in non-habeas actions pending in this Court seek the appointment of counsel, the Court must depend on the willingness of attorneys to donate their time to serve as *pro bono* counsel. As attorneys who will accept such an appointment are a limited resource, the Court will not appoint *pro bono* counsel where, as here, subject matter jurisdiction appears to be lacking. Accordingly, the motion for counsel is DENIED without prejudice.[1]

V.    Conclusion

In accordance with the foregoing, the Court hereby orders:

1. The motion for leave to proceed *in forma pauperis* is GRANTED.

2. If Plaintiff wishes to pursue this action, he must, within thirty-five (35) days, show cause why this action should not be dismissed for lack of subject matter jurisdiction. Failure to comply with this directive may result in dismissal of this action by a District Judge.

3. The motion for appointment of counsel is DENIED without prejudice.

SO ORDERED.

/s/ Katherine A. Roberson
KATHERINE A. ROBERTSON
United States Magistrate Judge

DATED:    May 1, 2023

---

[1] Some legal aid agencies provide legal assistance concerning the enforcement of child support orders. The website https://masslegalhelp.org provides information about legal aid services in Massachusetts. An individual visiting this website may obtain information about specific legal aid programs by clicking on the button "Find Legal Aid." The Court offers this information to Plaintiff as a courtesy. The Court does not endorse any particular legal aid service provider or the website https://masslegalhelp.org.